IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTONIO JOHNSON,

                   Plaintiff,

v.

DR. MILLER, SONYA ANDERSON
and JANE DOE I and II,

                   Defendants.

OPINION AND ORDER

18-cv-1006-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Antonio Johnson, who is incarcerated at the Wisconsin Secure Program Facility, is proceeding on Eighth Amendment claims that he was prescribed and dispensed the wrong medication and not properly treated when he developed harmful side effects. Before the court is plaintiff's motion to compel discovery from defendant Miller related the identity of the Doe defendants, dkt. #30, and motion for an extension of time to file an amended complaint naming the Doe defendants, dkt. #29, given the delay in the discovery process.

Plaintiff issued his first set of interrogatories to defendant Miller on May 25, 2019. Miller responded to the interrogatories on July 24, 2019, after he had received a copy of plaintiff's medical records.

In response to plaintiff's interrogatory no. 1, which asked who in the health services unit was "authorized" to prescribe plaintiff Diphenhydramine on December 19, 2017, Miller responded that he did not know and that plaintiff's medical records provided no further information. Although plaintiff would like this information to identify the Doe defendant(s),

1

Miller explains that he was an independent contractor for the Wisconsin Secure Program Facility and has no access to the records maintained by the Department of Corrections or the prison.

In response to plaintiff's interrogatory no. 4 about how many total complaints had been filed against Miller in any state for medical negligence, malpractice and/or deliberate indifference, Miller responded that he had one lawsuit filed against him in 1986 after he provided treatment at a free clinic. Plaintiff takes issue with this response because he apparently wanted to know how many internal complaints have been filed by prisoners against Dr. Miller. However, in his response to the motion to compel, Miller explains that he does not recall any prisoner complaints against him and that he does not have access to the administrative records that would contain this information.

Because Miller has provided plaintiff with accurate discovery responses and all of the information within his knowledge, I will deny plaintiff's motion to compel. However, it seems that plaintiff may be able to obtain the information he is seeking from defendant Anderson, who is employed by the prison. Therefore, I will grant his motion for a short extension. Plaintiff shall have until August 16, 2019 to serve his interrogatory nos. 1 and 4 on defendant Anderson. Plaintiff's deadline for naming the Doe defendant(s) is extended until 10 days after he receives Anderson's discovery response. The Doe defendant(s) will have 20 days to answer the complaint, which will become the new deadline for filing dispositive motions for failure to exhaust administrative remedies.

ORDER

IT IS ORDERED that:

1. Plaintiff Antonio Johnson's motion to compel, dkt. #30, is DENIED.

2. Plaintiff's motion for an extension of time within which to file an amended complaint naming the Doe defendants, dkt. #29, is GRANTED to the following extent:

    a. Plaintiff shall have until August 16, 2019 to serve his interrogatory nos. 1 and 4 on defendant Anderson.

    b. Plaintiff's deadline for naming the Doe defendant(s) is extended until 10 days after he receives Anderson's discovery response.

    c. The Doe defendant(s) will have 20 days to answer the complaint, which will become the new deadline for filing dispositive motions for failure to exhaust administrative remedies.

Entered this 9th day of August, 2019.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge